Filed 4/30/26  In re Arturo A. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re ARTURO A. et al., Persons Coming Under the Juvenile Court Law. | B346922 (Los Angeles County Super. Ct. No. 25CCJP00586) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>SAUL A.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jean M. Nelson, Judge.  Appeal dismissed.

Paul A. Swiller, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Eden Gharapet, Deputy County Counsel, for Plaintiff and Respondent.

_____

We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1.)

Saul A. (Father) filed a timely notice of appeal from the juvenile court's May 29, 2025 disposition order. He does not challenge the court's jurisdictional findings or the decision to remove his children from his custody and release them to the home of their mother. He challenges the court's decision denying visitation between him and his children, after he made a request at the disposition hearing for monitored visitation. The court found by clear and convincing evidence that it would be detrimental to the children's safety, protection, and wellbeing to have visits with Father at that time. Father contends this detriment finding is not supported by substantial evidence in the record.

On March 2, 2026, while this appeal was pending, the juvenile court ordered monitored visitation for Father and his children. We grant the request of respondent Los Angeles County Department of Children and Family and Services (DCFS) that we take judicial notice of the court's March 2, 2026 minute orders reflecting the new visitation disposition.

Based on this subsequent event, DCFS argues we should dismiss this appeal as moot. We agree.

"A case becomes moot when events ' "render[] it impossible for [a] court, if it should decide the case in favor of [the appellant], to grant him any effect[ive] relief." ' [Citation.] For

2

relief to be 'effective,' . . . the [appellant] must complain of an ongoing harm [that is] . . . redressable or capable of being rectified by the outcome the [appellant] seeks." (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*).) To establish the appeal is not moot, the appellant must "demonstrate[] a specific legal or practical consequence that would be avoided upon reversal" of the finding he challenges. (*Id.* at p. 273.) "A reviewing court must ' "decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding." ' " (*Id.* at p. 276.)

Absent a specific legal or practical consequence, we may still exercise our discretion to decide the merits of a moot appeal in a dependency case. (*D.P.*, *supra*, 14 Cal.5th at pp. 282-283, 286 [setting forth a non-exhaustive list of factors for assessing "whether a court should exercise discretionary review of a moot appeal," and noting that "no single factor is necessarily dispositive"].) We may do so, for example, where the challenged finding " 'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings.' " (*Id.* at pp. 283, 285.)

In this appeal, Father challenges (1) the sufficiency of the evidence supporting the juvenile court's finding that it would be detrimental to the children to have visitation with Father, and (2) the resulting decision denying visitation for Father and his children. The no-visitation order is no longer in effect. The court has since made a new order granting Father monitored visitation with his children, based on a finding that such visitation would *not* be detrimental to the children. Reversing the prior detriment finding and the no-visitation order would provide no effective

3

relief to Father, as he has already obtained the relief he sought in this appeal: an order granting visitation. Thus, this appeal is moot.

In opposition to DCFS's request for judicial notice of the March 2, 2026 minute orders granting Father monitored visitation, Father asserted that as of March 24, 2026, he had not yet had any visits with his children. Based on this assertion, he argues the appeal is not moot. We disagree. This appeal is from the prior no-visitation order in the May 29, 2025 disposition order. DCFS's compliance with the operative March 2, 2026 monitored visitation order is not before us.

In the alternative, Father argues we should exercise our discretion to reach the merits of his moot appeal because "dismissing Father's appeal will unfairly prejudice him by delaying justice and postponing his long-deserved and long-awaited opportunity to spend time with his children." Reaching the merits of this appeal would do nothing to facilitate visitation between Father and his children. Even if we were to reverse the detriment finding and the no-visitation order, the remedy would be to remand the matter to the juvenile court to make a visitation order, something that court has already done. Reaching the merits of the present appeal would not allow us to review the adequacy of the operative visitation order or DCFS's compliance therewith because these matters are outside the scope of the present appeal.

For these reasons, we dismiss the appeal as moot.[1]

---

[1] We deny DCFS's motion to augment the record with exhibits filed in the juvenile court in advance of the adjudication and disposition hearing by counsel for the children's mother.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

---

Because we are not reaching the merits, the exhibits are not pertinent to our decision.